**David John DANNER,
Plaintiff–Appellant,**

v.

**Dorothy KLOSTERBUER, Assistant Johnson County Attorney, and Director, Child Support Recovery Unit, State of Iowa, Defendant–Appellee.**

No. 88–207.

Court of Appeals of Iowa.

Nov. 29, 1988.

David John Danner, Iowa City, pro se.

Anne Lahey, Asst. Johnson Co. Atty., for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

We address plaintiff-appellant David John Danner's claim the child support recovery unit acted improperly when it ordered an assignment of his income pursuant to Iowa Code chapter 252D (1987) to pay a child support obligation. The matter came before the trial court on plaintiff's petition for certiorari. The trial court after a hearing annulled the writ. We determine the department failed to follow the proper notice procedures when they ordered an assignment of income. We reverse the trial court.

In 1984 the Iowa legislature passed an act on delinquent support payment and the assignment of income (*see* 84 Acts, Ch. 1239 § 7). The act is designated chapter 252D. The act, among other things, provides after meeting certain procedural requirements the child support recovery unit or the district court shall enter orders assigning income for child support obligations.

Danner's marriage had been dissolved in Johnson County in 1974. The dissolution decree ordered Danner to pay child support. In August 1986 the department determined Danner was delinquent in his child support payments and sought to utilize the provisions of chapter 252D to put into place a wage assignment.

Because Danner's support obligation was established before July 1, 1984, it was required he be notified of the mandatory assignment of income under section 252D.1. Notification was required in accordance with section 252D.3, which provides in relevant part:

> ... [F]or orders for support entered before July 1, 1984, the clerk of the district court, the child support recovery unit, or the person entitled by the order to receive the support payments, shall notify each person ordered to pay support under such orders of the mandatory assignment of income required under section 252D.1. The notice shall be sent by certified mail to the person's last known address or the person shall be personally served with the notice in the manner provided for service of an original notice *at least fifteen days prior to* the filing of a petition under section 252D:1, subsection 4 or *the ordering of an assignment of income under section 252D.1, subsection 3* or 4. A person ordered to pay support may waive the right to receive the notice at any time. (emphasis added).

An affidavit is filed stating notice of a potential assignment was mailed to Danner's last known address by certified mail on July 31, 1986. The notice was unclaimed. It was returned to the department on August 14, 1986. Also on July 31, 1986, Susan Halverson, Support Recovery Unit Officer, signed an order notifying Danner a wage assignment was to be ordered. There is no proof on file showing Halverson's order was mailed to Danner.

On August 14, 1986, an order for mandatory withholding was entered by the department. This notice was sent to Danner's employer.

The July 31, 1986 order notifying Danner and the August 14, 1986 order assigning his wages sought to allow the department to order an assignment of income in accordance with section 252D.1(3) which provides in relevant part:

> If support payments ordered under section ... 598.21, ... are not paid to the clerk of the district court pursuant to

section 598.22 and become delinquent in an amount equal to the payment for one month, upon application of a person entitled to receive the support payments, the child support recovery unit or the district court may enter an ex parte order notifying the person whose income is to be assigned, of the delinquent amount, of the amount of income or wages to be withheld, and of the procedure to file a motion to quash the order of assignment, and shall order an assignment of income and notify an employer, trustee, or other payor by certified mail of the order of the assignment of income requiring the withholding of specified sums to be deducted. ...

Danner contends the order assigning his income was entered by the department without meeting the notice requirements of the statute. We agree and therefore find it unnecessary to address his second issue that the department computed his unpaid child support at an incorrect figure.

■ Because the order for Danner to pay child support was entered prior to July 1, 1984, it was necessary before entering a support assignment to follow the notice dictates of two sections; namely sections 252D.3 and 252D.1(3). A notice under 252D.3 was required to be sent fifteen days prior to an assignment of income under section 252D.1(3). The department proceeded prematurely. The 252D.3 notice was mailed July 31, 1986. The assignment order was entered August 14, 1986. Iowa Code section 4.1(2) provides with reference to construction of statutes in applicable part, "In computing time, the first day shall be excluded and the last included. ..." In counting days according to the dictates of Iowa Code section 4.1(2), we determine only fourteen days passed from the mailing of the notice to the entry of the order assigning income.

■ We note too there is no proof Danner was notified of the order entered by the department on July 31, 1986, notifying Danner his income was to be assigned, the amount of the assignment and the procedure to quash. *See* Iowa Code § 252D.1(3).

Having failed to comply with the statutory procedures, the department exceeded its jurisdiction in entering the order. The trial court should have sustained the writ. We reverse and quash the mandatory order.

REVERSED, WRIT SUSTAINED.